This matter presents a timely appeal from a judgment rendered by the Mahoning County Common Pleas Court, accepting the guilty plea offered by defendant-appellant, Earl Price, along with his subsequent sentence thereon.
Appellant was indicted by the Mahoning County Grand Jury on numerous counts including: one count of improperly discharging a firearm at or into an occupied structure in violation of R.C.2923.161 (A), along with an attendant firearm specification and a physical harm specification; six counts of felonious assault in violation of R.C. 2903.11 (A) (2), along with attendant firearm specification; and one count of aggravated robbery in violation of R.C. 2911.01 (A) (1), along with an attendant firearm specification.
On March 3, 1992 appellant was arraigned before the trial court and entered a plea of not guilty. Following several continuances, this matter proceeded to a bench trial on April 30, 1992. Pursuant to Crim.R. 11 (F), appellant changed his initial not guilty plea and entered a guilty plea to amended charges which dismissed all but one of the firearm specifications. Appellant was sentenced to an indefinite incarceration term of not less than four years nor more than ten years for improperly discharging a firearm at or into an occupied structure; an indefinite incarceration term of not less than eight years nor more than fifteen years on each count of felonious assault; an indefinite incarceration term of not less than ten years nor more than twenty-five years on the charge of aggravated robbery; and, an actual incarceration term of three years for the firearm specification on Count 6 of the indictment. All incarceration terms were to be served concurrent with one another except for the firearm specification, which was to be served prior to and consecutive to the other sentences imposed.
On May 28, 1992, appellant's attorney filed a motion for a new trial based upon a written statement which was signed by co-defendant James Fitzgerald and dated May 4, 1992. The written statement indicated that Mr. Fitzgerald allegedly had committed perjury when he discussed appellant's whereabouts on the night in question. Mr. Fitzgerald offered in his written statement that he lied because he was afraid, and that he also feared that the prosecutor would give him a longer sentence if he did not testify against appellant.
Appellant's motion for a new trial indicated that Mr. Fitzgerald's affidavit constituted newly discovered evidence which could not have been discovered and produced at trial with reasonable diligence. On June 4, 1992, plaintiff-appellee, State of Ohio, filed an answer in opposition to appellant's motion for new trial. Without holding a hearing on appellant's motion, the trial court overruled same on June 11, 1992. It is from this decision that the within appeal emanates.
Appellant's sole assignment of error on appeal alleges:
 "The trial court erred to appellant's prejudice when it denied defendant's motion or a new trial based on newly discovered evidence."
Appellant maintains that pursuant to Crim.R. 33, he is entitled to a new trial based upon newly discovered evidence that could not, with reasonable diligence, have been discovered or produced at trial. Appellant cites to State v. Petro, (1947),148 Ohio St. 505, 506 wherein the Ohio Supreme Court listed six criteria necessary to warrant a new trial in a criminal case based on newly discovered evidence. Said criteria are listed in the syllabus as follows:
 "* * * it must be shown that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence." (Petro, supra).
The relevant issue in this appeal is whether appellant should have been permitted to withdraw his guilty plea. Although appellant should have filed a motion to withdraw a guilty plea instead of filing a motion for a new trial, the end result is ultimately the same.
Crim.R. 32.1 provides, in pertinent part, as follows:
 "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."
A decision based upon a motion made pursuant to Crim.R. 32.1 is within the sound discretion of the trial court and the good faith, credibility and weight of the movant's assertions in support of such motion are matters to be resolved by said trial court. State v. Smith (1977), 49 Ohio St.2d 261. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's decision was unreasonable, arbitrary or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151.
In support of appellant's motion for a new trial, appellant's counsel submitted a written statement prepared by James Fitzgerald which stated, in pertinent part:
 "I realize that what I did was wrong and I shouldn't have lied on Earl, but the situation I was in scared me, the prosecuter (sic) was saying I wasn't gonna (sic) get out until firty (sic) years * * *.
"* * *.
 "My reasons for puting (sic) Earl price (sic) in these charges was to recieve (sic) a lessor sentence for the record I'd like to state the (sic) Earl price (sic) wasn't there on any of these occasions * * *."
In State v. Brown (August 12, 1994), Mahoning App. No. 93 C.A. 164, unreported, this court addressed a similar issue and remanded the case for further proceedings. This court specially stated:
 "A hearing on a postsentence motion to withdraw a plea of no contest or a plea of guilty is required if the facts alleged by the defendant and accepted as true would require the court to permit that plea to be withdrawn. In view of the fact that the motion to withdraw was accompanied by two affidavits of allegedly important witnesses, there was and is no reason to believe that the statements set forth in those affidavits were untrue. It could very possibly develop that the two affiants were not the only accusatory witnesses involved. However, that conclusion can be reached only by an evidentiary hearing held prior to disposition of the motion.
 "It is our conclusion that, to resolve the question of manifest injustice, there must be more evidence presented in some manner before the trial court so that the trial judge can then, in his discretion, properly dispose of the motion to withdraw the plea."
The facts in the instant case may be distinguished only in light of the fact that in Brown, supra, appellant was informed at the time of his plea by defense counsel that the State had obtained signed statements against him. In the case at bar, Mr. Fitzgerald's written statement became available to defense counsel after the plea. Just as we previously noted in Brown, supra, we have no reason to believe that Mr. Fitzgerald's written statement was untrue. It certainly is very possible that Mr. Fitzgerald was not the only accusatory witness involved. However, that conclusion can be reached only by an evidentiary hearing held prior to the disposition of a motion.
State v. Peterseim, (1980), 68 Ohio App.2d 211, articulated four specific factors applicable to a determination of whether or not a trial court abused its discretion in overruling a motion to withdraw a guilty plea as follows: (1) whether the accused was represented by highly competent counsel, (2) whether the accused was afforded a full hearing pursuant to Crim.R. 11 before entering the guilty plea, (3) whether the accused was given a complete and impartial hearing on the motion to withdraw his plea and (4) whether the record reveals the trial court gave full and fair consideration to the request to withdraw a guilty plea. In State v. Xie, (1992), 62 Ohio St.3d 521, the Ohio Supreme Court stated that one who enters a guilty plea has no absolute right to withdraw it. Rather, it is within the sound discretion of the trial court to determine what circumstances justify granting such a motion. Xie, supra.
In order to resolve the question of manifest injustice, there must be more evidence presented in some manner before the trial court so that the trial judge can then, in his discretion, properly dispose of appellant's request to withdraw his plea.
Appellant's sole assignment of error is found to be with merit.
The judgment of the trial court is reversed and this cause is remanded for further proceedings according to law and consistent with this opinion.
Donofrio, j., concurs.
Waite, J., concurs in judgment only. See concurring in judgment only opinion.
 APPROVED: ____________________________________ EDWARD A. COX, PRESIDING JUDGE